IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/07/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

ALEXEIS ALBERTO SOLANO,

Petitioner,

v.

Warden, Midwest Regional Reception Center; and Field Office Director, Kansas City Office, ICE,

Respondents.

Case No. 26-3310-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Cuba, was arrested by a sheriff's deputy on August 7, 2026, and immigration officials took petitioner into custody on August 11, 2026. Petitioner is presently confined within this judicial district. On August 21, 2026, petitioner filed the instant habeas action; the Government has filed an answer, and the deadline for a traverse from petitioner has now passed, and the matter is therefore ripe for ruling.

Petitioner claims that his detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional

grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner challenges his detention without a bond hearing. The Government has confirmed in its response, however, that petitioner is not subject to mandatory detention, but that he is in fact detained under 8 U.S.C. § 1226, which provides for discretionary release on bond, *see id.* – as evidenced by the fact that petitioner was served with a notice of a custody determination under Section 1226, on which form petitioner checked a box requesting a bond hearing. Petitioner has not alleged that any request by him for a bond hearing has been refused; to the contrary, petitioner's bond hearing in immigration court is presently set for October 7, 2026. Therefore, because petitioner is not being deprived of a bond hearing, the Court denies this claim.

Petitioner also claims that his arrest by a sheriff's deputy violated the Fourth Amendment; and that while he was in that prior custody, he was mistreated and denied access to family in violation of due process. As the Government notes in its answer, however, an illegal arrest does not affect the lawfulness of removal proceedings. *See I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039-40 (1984). Moreover, any such constitutional violations occurred not at the hands of these respondents, but while petitioner was in the custody of state law enforcement, prior to his custody by immigration officials. Petitioner has not cited any authority to support a claim for release or any other relief based on violations occurring prior to immigration detention. Accordingly, the Court denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 7th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge